IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARTAVIUS JAMARQUIS TYUS,    )
# 315479,                    )
                             )
        Petitioner,          )
                             )        CIVIL ACTION NO.
    v.                       )        2:19-CV-491-ECM
                             )           [WO]
JOHN CROW, *et al.,*         )
                             )
        Respondents.         )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This case is before the court on Petitioner Martavius Jamarquis Tyus's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on July 1, 2019. (Doc. 1.) Tyus, an Alabama prisoner, presents claims challenging his 2018 Montgomery County guilty plea conviction for felony murder and his resulting 20-year sentence. He contends that he received ineffective assistance of counsel in his guilty plea proceedings and appears also to argue that his guilty plea was not knowing and voluntary.

Respondents assert that Tyus has failed to exhaust his state court remedies regarding the claims in his § 2254 petition. (Doc. 7.) In particular, Respondents maintain that Tyus may still present his claims of ineffective assistance of counsel to the state courts in a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. More particularly, Respondents maintain that Tyus may present any ineffective assistance of counsel claims in a Rule 32 petition filed by October 2, 2019—the date on which it appears the Alabama one-year limitation period to file such a petition would

otherwise expire. *See* Ala.R.Crim.P. 32.2(c). (Doc. 7 at 6–7.) Under the circumstances, Respondents argue that Tyus's § 2254 petition should be dismissed without prejudice to allow him to exhaust his state court remedies.

In light of the arguments and evidence presented by Respondents, this court entered an order allowing Tyus to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust his state court remedies. (Doc. 8.) Tyus, however, did not file a response to the court's order.

## II.  DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)."). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra*, 526 U.S. at 845. The same reasoning applies for state post-conviction appeals and for direct appeals. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The pleadings and evidentiary materials reflect that Tyus has not exhausted his state court remedies regarding all claims in his § 2254 petition. As Respondents argue, Tyus

may still pursue his state court remedies as to his claims of ineffective assistance of counsel in a Rule 32 petition filed by October 2, 2019. The proper filing of a timely Rule 32 petition by Tyus will toll the federal one-year limitation period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The court finds that a stay of this case pending the outcome of any state collateral proceeding is not warranted, because Tyus has sufficient time to return to state court and toll the running of the one-year limitation period by filing a Rule 32 collateral attack before October 2, 2019.

The court does not deem it appropriate to rule on Tyus's claims without first requiring that he exhaust his available state court remedies. Accordingly, the § 2254 petition should be dismissed without prejudice to allow Tyus to exhaust those remedies.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Tyus to exhaust his available state court remedies.

It is further

ORDERED that on or before September 16, 2019, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the

District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 30th day of August, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge